IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

S&H SYSTEMS, INC.                                                        PLAINTIFF

v.                          No. 3:24-cv-151-DPM

BESPOKE MANUFACTURING
COMPANY LLC                                                              DEFENDANT

### ORDER

The Court appreciates S&H Systems's amended proof of service, *Doc. 14-1*. S&H served the summons and complaint on Bespoke's registered agent, First Corporate Solution, Inc., by process server. *Ibid*. So there was good service on Bespoke. Fed. R. Civ. P. 4(h)(1)(B). Bespoke's answer or responding motion was due by 3 October 2024. It has not appeared or otherwise defended against the complaint. The Clerk has entered a default. *Doc. 11*. S&H now seeks default judgment. Fed. R. Civ. P. 55(b). Here are the facts, which Bespoke has conceded by not responding. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

S&H designs, installs, and maintains material handling systems. Bespoke operates a garment manufacturing facility in Phoenix, Arizona. In January 2022, S&H "agreed to provide the work and materials necessary for the installation of a material handling system" at Bespoke's Phoenix facility. *Doc. 1 at 2*. In return, Bespoke agreed to

pay $3,349,197.00. *Doc. 1 at 3.* Bespoke submitted five more purchase orders for various project changes in May 2022. *Doc. 1 at 59-74.* Those orders added $537,725.00 to the amount due to S&H under the parties' agreement, bringing Bespoke's total payment obligation to $3,886,922.00. *Ibid.* In June 2022, S&H completed the material handling system, and Bespoke began using it as intended. Bespoke paid most, but not all, of S&H's invoices. The current outstanding balance due to S&H is $796,851.95. *Ibid.*

S&H is entitled to default judgment against Bespoke for breach of contract. *E.g., Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 231-32, 33 S.W.3d 128, 133 (2000) (elements). S&H cannot, however, recover on its backup claims (account stated, promissory estoppel, and unjust enrichment) for the same injury. *E.g., Regions Bank v. Griffin*, 364 Ark. 193, 196, 217 S.W.3d 829, 832 (2005). Those claims will be dismissed without prejudice. No damages hearing is necessary because the amount of liability is clear from the verified record. Fed. R. Civ. P. 55(b)(2); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988).

S&H has also incurred, and requests, $7,376.00 in attorney's fees, and $1,110.25 in costs and expenses. *Doc. 12-1 at 2-3.* All these things are recoverable. Fed. R. Civ. P. 54(d); Ark. Code Ann. § 16-22-308. While some of the hourly rates are on the healthy side for this kind of work in this Court, the time spent was necessary and the total fee

requested is reasonable.  S&H is also entitled to the requested expenses.  Some are costs, which are covered by the Rule;  and the rest are standard out-of-pocket expenses, which are customarily passed along to clients.  They're recoverable as part of a reasonable fee.

*   *   *

Motion for default judgment, *Doc. 12*, granted.  The Court will enter judgment for S&H Systems, Inc. for $796,851.95, an attorney's fee of $7,376.00, costs/expenses of $1,110.25 (for a total of $805,338.20), and post-judgment interest as allowed by 28 U.S.C. § 1961.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 January 2025